Filed 10/26/21  P. v. Jimenez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROY DAMON JIMENEZ,<br><br>    Defendant and Appellant. | C092597<br><br>(Super. Ct. No. 00F04538) |

Defendant Roy Damon Jimenez appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.95.  Defendant contends he is entitled to relief because the jury was instructed on the natural and probable consequences doctrine and felony murder.  We affirm.

---

[1]    Further undesignated section references are to the Penal Code.

1

BACKGROUND

The facts are taken from our 2005 unpublished opinion affirming defendant's conviction. (*People v. Jimenez* (Feb. 24, 2005, C043394) [nonpub. opn.].) "[D]efendant, who was himself an ecstasy dealer, agreed with Kelly Estep and Christine Ahart to rob the victim, Cameron Jones, of ecstasy Jones was dealing. Jones was stabbed to death in his apartment during the incident." (*Id*. at p. 2.) A jury found him guilty of "second degree murder of [Jones] and found true an allegation that he personally and intentionally discharged a firearm during the crime. The jury acquitted him of robbery and attempted robbery. The court sentenced him to state prison for 35 years to life." (*Id*. at p. 1.)

Defendant appealed. (*People v. Jimenez*, *supra*, C043394.) Relevant to this appeal, defendant challenged the natural and probable consequence instruction given for the murder charge. (*Id*. at pp. 8-10.) We noted the instruction was based on the target offenses of robbery and attempted robbery, and concluded, "if we accord significance to the jury's acquittal of defendant on the robbery charge, there is no reason to believe the jury convicted him of murder as a natural and probable consequence of robbery, rather than for assisting in the unpremeditated murder of Jones. Consequently, he cannot premise reversible error in this regard either." (*Id*. at p. 10.)

On February 27, 2019, defendant filed a petition for resentencing under section 1170.95. Defendant declared in his petition the prosecution proceeded "under a theory of murder based on the natural and probable consequences doctrine," the "jury returned no verdict and made no finding that would preclude petitioner from obtaining relief under . . . section 1170.95," he "was convicted of second degree murder," and he "could not be convicted of second degree murder were he to be tried on [or] after January 1, 2018 because of changes to . . . sections 188 and 189 made effective January 1, 2019." He also requested appointment of counsel during the resentencing process.

2

On July 22, 2020, after briefing by both parties, the trial court denied defendant's petition. The trial court explained that though the jury was instructed for murder based on the natural and probable consequences doctrine and felony murder, both instructions relied on the acquitted offenses of robbery and/or attempted robbery. The only murder instruction not relying on robbery or attempted robbery was malice aforethought murder. Thus, the court reasoned the jury "convicted him of second [degree] murder based solely on a malice aforethought theory. [¶] As such, [defendant] fails to set forth a prima facie case for relief, requiring denial of the instant petition."

DISCUSSION

Defendant's brief does not discuss the trial court's order and instead is a duplication of his brief to the trial court such that he, or more specifically his counsel, recycles his arguments that he is entitled to relief because the jury was instructed on felony murder and the natural and probable consequences theory for first degree murder. Even though defendant does not address the basis for the trial court's ruling, we find no error in its denial of defendant's petition.

Senate Bill No. 1437, effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the

3

court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel. (§ 1170.95, subd. (b).) Section 1170.95, subdivision (c), which dictates how the court must handle the petition, reads: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

In performing this preliminary screening function, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970.) Thus, if the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie

4

inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

We agree with the trial court's analysis of the relevant jury instructions included in the record of conviction. Both the natural and probable consequence instruction relied on robbery or attempted robbery as the target offenses. *As we found in our prior opinion,*[2] the jury's acquittal of defendant for robbery and attempted robbery eliminates the possibility the jury found defendant guilty of second degree murder under the natural and probable consequences doctrine. This reasoning also applies to felony murder -- if the jury did not believe robbery or attempted robbery occurred, it could not find defendant guilty of felony murder. For second degree murder specifically, the jury was instructed that it could find this degree appropriate only if it found the killing was done with malice aforethought but could not unanimously agree on first degree murder. There was no second degree felony-murder instruction. The only first degree murder instruction not reliant on robbery or attempted robbery was deliberate and premeditated killing with express malice aforethought. Thus, the jury must have found defendant guilty of second degree murder based on malice aforethought, rendering him ineligible for relief under section 1170.95 as a matter of law.

Finally, defendant also contends, as he did to the trial court, that there was evidence establishing he was not the actual killer, did not act with the intent to kill, and was not a major participant in the underlying felony. This appears to be a sufficiency of the evidence argument that is not appropriate here as defendant has already made a direct appeal challenging his conviction. (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-

---

[2] We are bound by this finding under the law of the case doctrine because it was a point of law necessary to our prior decision in defendant's direct appeal. (*Dow v. Honey Lake Valley Resource Conservation Dist.* (2021) 63 Cal.App.5th 901, 911-912.)

5

1143 [finding § 1170.95 is not a proper procedural vehicle for challenging a murder conviction by attacking a prior factual finding].)

DISPOSITION

The order denying the petition is affirmed.

/s/_____
Robie, J.

We concur:

/s/_____
Raye, P. J.

/s/_____
Renner, J.